IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01715-MSK-MJW

TIMOTHY THOMASON,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
JOSEPH CLEVELAND, individually,
DENVER DEPARTMENT OF HEALTH AND HOSPITALS, d/b/a
DENVER HEALTH and DENVER HEALTH MEDICAL CENTER, and
NANCYE ZIMMER, individually,

Defendants.
_____

**MINUTE ORDER**
_____

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant City and County of Denver's Motion for Enforcement of Protective Order Pursuant to Rule 26(c) (docket no. 93) is **GRANTED.**

It is **FURTHER ORDERED** that the following documents shall remain designated as "Confidential" per the Protective Order (docket no. 21) entered in this case. Those documents are:

(1) the internal affairs investigation file of the Denver Sheriff's Department concerning plaintiff's complaint, labeled as Bates Nos. 00001 - 000123, inclusive and 000278 - 000283, inclusive and 001187 -001193, inclusive;

(2) the internal affairs investigation file of the Denver Police Department concerning plaintiff's complaint, labeled as Bates Nos. 001036 - 00161, inclusive;

(3) the personnel file of defendant Denver Sheriff's Department Sergeant Hans Rastede, labeled as Bates Nos. 001162 - 001167, inclusive; and,

(4) a personnel record of Denver Sheriff Department Sergeant Hans Rastede, labeled as Bates Nos. 001162 - 001167, inclusive.

In this case, the court entered a protective order (docket no. 21) on November 7,

2007. The personnel records of Deputy Cleveland and Sergeant Rastede, as defined by § 24-72-202(4.5), C.R.S., are exempt from public disclosure pursuant to § 24-72-204(3)(a)(II)(A), C.R.S. (2007). These personnel records and the files of the internal affairs investigation of the Denver Sheriff's Department and the Denver Police Department are subject to the Colorado Criminal Justice Records Act. See §§ 24-72-301 to 24-72-309, C.R.S. inclusive. That public inspection of these personnel records and files of the internal affairs investigations may be denied pursuant to § 24-72-305. (5), C.R.S. (2007). Accordingly, I find that the following documents should remain designated as "Confidential" per the Protective Order (docket no. 21). Those documents are:

(1) the internal affairs investigation file of the Denver Sheriff's Department concerning plaintiff's complaint, labeled as Bates Nos. 00001 - 000123, inclusive and 000278 - 000283, inclusive and 001187 -001193, inclusive;

(2) the internal affairs investigation file of the Denver Police Department concerning plaintiff's complaint, labeled as Bates Nos. 001036 - 00161, inclusive;

(3) the personnel file of defendant Denver Sheriff's Department Sergeant Hans Rastede, labeled as Bates Nos. 001162 - 001167, inclusive; and,

(4) a personnel record of Denver Sheriff Department Sergeant Hans Rastede, labeled as Bates Nos. 001162 - 001167, inclusive.

It is **FURTHER ORDERED** that each party shall pay their own attorney fees and costs for this motion.

Date: July 25, 2008